Case 1:21-cv-00076   Document 12   Filed on 09/15/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN CARLOS GONZALEZ,<br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§   Civil Action No. B-21-cv-76<br>§<br>§<br>§<br>§<br>§ |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Petitioner Juan Carlos Gonzalez's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Gonzalez's "Petition") with "Memorandum" in support.  Dkt. Nos. 1 and 1-1.[1]  On August 3, 2021, Respondent Bobby Lumpkin filed a Motion for Summary Judgment with Brief in Support (hereinafter, Respondent's "Motion" or "Motion for Summary Judgment").  Dkt. No. 11.  Respondent's Motion argues that Gonzalez's Petition is subject to summary judgment because it is time-barred.  Dkt. No. 11 at 1, 4-10.  For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondent's Motion for Summary Judgment; (2) **DISMISS** Gonzalez's Petition; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of the Court to **CLOSE** this civil action.

---

[1] Gonzalez spells his last name inconsistently, spelling it both as Gonzalez ending with a z, and Gonzales ending with an s.  *See, e.g.,* Dkt. No. 1 at 1, 10-11, Dkt. No. 1-1 at 1, 4.  Because his state court judgment of conviction spells his name as ending in a z, the Court will do the same.  *See* Dkt. No. 10-2 at 8.

Page **1** of **10**

## I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241 and § 2254, which provide that jurisdiction is proper where the inmate is confined, or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Background

On September 27, 2012, Gonzalez pleaded guilty to the "continual sexual abuse of a young child" in the 404th District Court of Cameron County, Texas. Dkt. No. 10-2 at 8-9. That same day, and pursuant to a plea agreement, the court sentenced Gonzalez to 25 years of imprisonment. *Id.* at 8-10, 17-21. The trial court entered its judgment of conviction on October 1, 2012. *Id.* at 8, 10. On February 6, 2013, the trial court entered a nunc pro tunc order to correct a clerical error in its original judgment regarding its requirement that Gonzalez register as a sex offender. *Id.* at 12-15.[2] Pursuant to the terms of his plea agreement, Gonzalez did not appeal. *Id.* at 18, 124; Dkt. No. 1 at 3.

On or about April 29, 2021, Gonzalez filed a state application for writ of habeas corpus challenging his conviction. Dkt. No. 10-2 at 137, 140. The Texas Court of Criminal Appeals ("TCCA") denied his writ without written order on July 14, 2021. Dkt. No. 10-1 at 1. Gonzalez filed his instant Petition on May 12, 2021. Dkt. No. 1 at 10.[3] In his Petition

---

[2] "The purpose of a nunc pro tunc order is to correctly reflect *from the records of the court* a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (emphasis in original) (citation omitted). Courts may use nunc pro tunc orders to "correct clerical errors in a judgment, but not judicial omissions." *Id.*

[3] Gonzalez states that he placed his Petition in the prison mailing system on May 12, 2021. Dkt. No. 1 at 10. The Court will consider his Petition filed on that date. *See generally Spotsville v.*

and supporting Memorandum, Gonzalez primarily challenges the voluntariness of his plea. Dkt. No. 1 at 6 (stating that his plea was involuntary and listing no other grounds for relief); Dkt. No. 1-1 at 2 (listing "involuntary plea" as his "sole ground" for relief). In support of his involuntary-plea allegations, Gonzalez asserts that: (1) he did not understand his plea agreement when he signed it; (2) his indictment was misleading; (3) his trial counsel threatened him and coerced him into signing the plea agreement; (4) his counsel's failure to prepare for trial induced him into signing the plea agreement; (5) his counsel coerced him into signing away his appellate rights; (6) he did not understand his appellate rights or anything about parole because he was Spanish speaking; (7) he was mentally challenged but his counsel did not obtain treatment or a competency evaluation for him to ascertain his competency during the offense, or thereafter; (8) his counsel failed to adequately investigate his case or interview alibi witnesses; (9) his counsel failed to look into the factual sufficiency of the charges brought against him; and, (10) his plea was not an intelligent admission of guilty because he did not understand the difference between indecency and continuous sexual abuse. Dkt. No. 1 at 6; Dkt. No. 1-1 at 1-4.

Respondent filed his Motion for Summary Judgment on August 3, 2021. Dkt. No. 11. Respondent argues that Gonzalez's Petition should be dismissed because it is time-barred. *Id.* at 3-10. Gonzalez has not filed a timely or untimely reply. *See id.* at 12 (noting that Respondent served Gonzalez via the United States Postal Service on August 4, 2021); Dkt. No. 4 at 2 ("**If Gonzalez chooses to file a reply to Lumpkin's response, he must do so within 30 days of receiving Lumpkin's response**.") (emphasis in original).

---

*Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system).

### III. Governing Law

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[4] govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335-336 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011).

Codified as amended at 28 U.S.C. § 2244(d), the AEDPA also provides for a one-year limitations period applicable to petitions filed under 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 336. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In "rare and exceptional circumstances," a § 2254 petitioner may be entitled to an equitable tolling of his AEDPA limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner will only be entitled to equitable tolling "if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted). *See also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. 631, 653 (internal quotation marks and citations omitted). The movant bears the burden of establishing an entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)). Determining whether to apply the equitable tolling doctrine often requires courts to make a "judgment call," and the decision is "an exercise of discretion by the district court." *Alexander v. Johnson*, 294 F.3d 626, 630 (5th Cir. 2002).

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.

2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)). As the Fifth Circuit has explained:

> the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"— overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Smith v. Cockrell*, 311 F.3d 661, 668.

### IV. Discussion

Gonzalez's Petition and Memorandum attack his judgment of conviction. Dkt. No. 1 at 2, 6-7; Dkt. No. 1-1 at 2-4. As such, his one-year AEDPA limitations period began to run on "the date his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *See also*

*Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (conviction becomes final when the time for seeking further direct review in the state court expires). The trial court imposed Gonzalez's judgment and sentence in open court on September 27, 2012. Dkt. No. 10-2 at 8-10. Gonzalez had until October 27, 2012, to file his notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1) (providing that a defendant must file his notice of appeal "within 30 days after the day sentence is imposed or suspended in open court"); *Murray v. Dir., TDCJ-CID*, No. CIV A 6:08CV156, 2009 WL 175199, at *2–3 (E.D. Tex. Jan. 26, 2009) (noting that, under Rule 26.2, the time to file the notice of appeal runs from "the date of imposition of the sentence in open court, not the date that the sentence is signed and entered.") (citing *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Reyes v. State*, 883 S.W.2d 291, 292 (Tex. App.-El Paso 1994, no pet.)). Because he did not file a notice of appeal, his judgment of conviction became final on October 27, 2012. *See id*; *Cameron v. Dir., TDCJ-CID*, No. 4:12CV307, 2012 WL 4372370, at *1 (E.D. Tex. Sept. 24, 2012), *report and recommendation adopted*, No. 4:12CV307, 2013 WL 1313802 (E.D. Tex. Mar. 28, 2013) ("Petitioner is challenging his conviction from July 30, 2009. . . . He did not file a notice of appeal, thus the conviction became final thirty days later, on August 29, 2009.") (citing TEX. R. APP. P. 26.2 and *Rodarte v. State*, 840 S.W.2d 781 (Tex. App.-San Antonio 1992)).

The trial court did enter a nunc pro tunc order on February 6, 2013. Dkt. No. 10-2 at 12-15. However, this did not affect the finality of Gonzalez's judgment because the nunc pro tunc order merely corrected a clerical error, and Gonzalez is not attacking the correction. *See Gobert v. Dir., TDCJ-CID*, No. CIV.A. 1:09-CV-245, 2010 WL 56064, at *2 (E.D. Tex. Jan. 6, 2010) ("[T]his court has not located any authority suggesting that a nunc pro tunc judgment allows the defendant to appeal matters relating to the underlying

conviction or sentence, or affects the finality of the initial judgment."); *Murray v. Dir., TDCJ-CID*, No. CIV A 6:08CV156, 2009 WL 175199, at *2–3 (E.D. Tex. Jan. 26, 2009) (same). Accordingly, Gonzalez's AEDPA limitations period expired on October 27, 2013, exactly one year after his October 27, 2012 judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *Harrelson v. Swan*, No. 1:07-CV-742, 2008 WL 4247760, at *1 (E.D. Tex. Sept. 9, 2008) ("The cases cited by petitioner do not support her proposition that the statute of limitations began to run when the nunc pro tunc judgments were entered. Because petitioner challenges the underlying convictions and sentences, the statute of limitations began to run when the original judgments became final."); *Rush v. Dir., TDCJ-CID*, No. 6:10CV82, 2010 WL 4226754, at *2–3 (E.D. Tex. June 28, 2010), *report and recommendation adopted*, No. 6:10CV82, 2010 WL 4226753 (E.D. Tex. Oct. 25, 2010) (finding that the entry of a nunc pro tunc judgment "did not concern the substance of the conviction;" thus it did not restart the "commencement of the limitations period.").[5]

Gonzalez did not file his first state application for writ of habeas corpus until April 29, 2021. Dkt. No. 10-2 at 137, 140. Thus, his state application did not toll his AEDPA limitations period,[6] and his instant § 2254 claims are time-barred by over seven years because Gonzalez did not initiate this civil action until May 12, 2021. *See* Dkt. No. 1 at 10. Further, Gonzalez does not argue that he is entitled to an equitable tolling of his limitations period. *See generally* Dkt. Nos. 1 and 1-1. Gonzalez's Petition is, therefore, time-barred and subject to summary judgment. 28 U.S.C. § 2244(d)(1)(A).

---

[5] As demonstrated below, even if the Court were required to hold that the nunc pro tunc order restarted the limitations period, it would not matter because Gonzalez's Petition would still be time-barred by more than seven years.

[6] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate should not issue in this case because Gonzalez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court: (1) **GRANT** Respondent's Motion for Summary Judgment; (2) **DISMISS** Gonzalez's Petition; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of the Court to **CLOSE** this civil action.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **15th** day of **September, 2021**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge